IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00123-MSK-MJW

GARY JUNE, et al.,

Plaintiffs,

v.

UNION CARBIDE CORPORATION, et al.,

Defendants.

---

**ORDER REGARDING
DEFENDANTS' MOTION TO COMPEL A PRIVILEGE LOG THAT MEETS THE
FEDERAL RULES' REQUIREMENT AND PRODUCTION OF NON-PRIVILEGED
DOCUMENTS (DOCKET NO. 117)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Defendants' Motion to Compel a Privilege Log that Meets the Federal Rules' Requirement and Production of Non-Privileged Documents (docket no. 117). The court has reviewed the motion and response (docket no. 122). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

Defendants request that this court enter an order compelling Plaintiffs to provide a more detailed privileged log consistent with Horton v. United States, 204 F.R.D. 670, 673 (D. Colo. 2002) ("[T]he party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be privileged and the

precise reasons the materials are subject to the privilege asserted.") (citations omitted). In particular, Defendants argue that Plaintiffs' privilege log which contains 31 entries (exhibit F attached to Defendants' motion) is deficient because the privilege log fails: (1) to identify precisely how many documents are at issue; (2) to identify the author of any of the documents; (3) to identify the addresses of the documents; (4) to identify the dates on which many of the letters were sent; and (5) to adequately describe the documents at issue.

Rule 26(b)(5) of the Federal Rules of Civil Procedure states:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

This court finds that the subject privilege log (exhibit F attached to Defendants' motion) does not provide sufficient information for the Defendants to assess the applicability of the attorney-client privilege and/or work product protection that Plaintiffs have asserted as to the 31 entries contained in the subject privilege log.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

1. That Defendants' Motion to Compel a Privilege Log that Meets the

3

Federal Rules' Requirement and Production of Non-Privileged Documents (docket no. 117) is **GRANTED**.

2. That Plaintiffs shall provide a more detailed privilege log to Defendants on or before September 22, 2006. In particular, the date portion of the privilege log needs to contain specific dates, the author portion of the privilege log needs to include the specific names of the attorneys' employees, agents, or other representatives of plaintiffs' counsel, the addresses portion of the privilege log needs to outline specific addresses, the recipient portion of the privilege log needs to include the specific names of such recipients, the document portion of the privilege log needs to be specific in the type of document or documents and the number of pages per document or documents, and the subject matter portion of the privilege log needs to be more specific in describing the subject of such document.

3. That each party shall pay their own attorney fees and costs of this motion.

Done this 7th day of September 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge