IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00123-MSK-MJW

GARY JUNE, et al.,

Plaintiffs,

v.

UNION CARBIDE CORPORATION, et al.,

Defendants.

## ORDER REGARDING
## DEFENDANTS' MOTION FOR RELIEF UNDER FED. R. CIV. P. 37
## (DOCKET NO. 143)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion for Relief Under Fed. R. Civ. P. 37 (docket no. 143). The court has reviewed the motion, response (docket no. 159), and reply (docket no. 163). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants request that this court entered an order compelling Plaintiffs to either produce all non-privileged documents to Defendants as identified in Plaintiffs' Supplemental Revised Privilege Logs or provide facts sufficient to demonstrate the

validity of each claim of attorney-client privilege.  In support of this request, Defendants argue that Plaintiffs have violated this court's Order Regarding Defendants' Motion to Compel a Privilege Log that Meets the Federal Rules' Requirement and Production of Non-Privileged Documents (docket no. 124) by not producing to Defendants all non-privileged documents as outlined in Plaintiffs' Supplemental Revised Privilege Logs. The Plaintiffs' Revised Privilege Log includes: (a) Plaintiffs' Second Revised Privilege Log (September 22, 2006) containing 626 pages; (b) Plaintiffs' First Supplement to Plaintiffs' Revised Privilege Log (October 2, 2006) containing an additional 182 pages; (c) Plaintiffs' Second Supplement to Plaintiffs' Revised Privilege Log (October 16, 2006) containing an additional 153 pages; and (d) Plaintiffs' Third Supplement to Plaintiffs' Revised Privilege Log (November 16, 2006) containing an additional 180 pages.

In essence, Defendants argue that numerous documents as outlined in Plaintiffs' Supplemental Revised Privilege Logs involve communications between non-plaintiffs and non-personal representatives from the Plaintiffs' law firms.  Accordingly, Defendants argue that the attorney-client privilege does not apply to the subject documents since the holder of such attorney-client privilege is the client or in this case the "prospective client," and Plaintiffs have failed to failed to submit individual affidavits from each of the "prospective clients" to this court to show that such "prospective clients" want Plaintiffs' counsel to invoke the attorney-client privilege on their behalf. See Westinghouse Elec. Corp. v. Kerr-McGee Corp., 580 F.2d 1311 (7th Cir. 1978); Geralnes B.V. v. City of Greenwood Village, Colo., 609 F. Supp. 191, 193 (D. Colo.

3

1985).  Lastly, Defendants argue that the written affidavits from Plaintiffs' counsel, Roy A. Jacobson, Jr., Esquire, and Rebecca A. Lorenz, Esquire, are self-serving and are insufficient to demonstrate the subjective intent of each of the prospective plaintiff clients since the burden of proof on the attorney-client privilege rests with the party asserting such privilege.  <u>Perkins v. Gregg County, Texas</u>, 891 F. Supp. 361, 363 (E.D. Texas 1995).

Plaintiffs argue that the subject documents as outlined in Plaintiffs' Supplemental Revised Privilege Logs are protected under the attorney-client privilege.  In support of this contention, Plaintiffs have submitted written affidavits from Plaintiffs' counsel Roy A. Jacobson, Jr., Esquire, and Rebecca A. Lorenz, Esquire.  *See* exhibits 2 and 3 attached to Plaintiffs' response (docket no. 159).  In summary, both affidavits demonstrate that all prospective clients in this litigation who contacted Plaintiffs' counsels' law firms were advised that all communications between the prospective clients and Plaintiffs' counsel would be confidential and protected, and none of the prospective clients have instructed Plaintiffs' counsel to waive the attorney-client privilege.  <u>See</u> <u>Barton v. United States Dist. Ct. for the Central Dist. of Cal.</u>, 410 F.3d 1104, 1111(9th Cir. 2005); <u>Grand Jury Selection Proceedings Under Seal v. United States of America</u>, 947 F.2d 1188, 1190 (4th Cir. 1991).

Here, the court finds that Plaintiffs have met their burden of proof through the above affidavits, noting that such affidavits are from Plaintiffs' counsel who are officers of this court.  The attorney-client privilege which would have attached during the communications between Plaintiffs' counsel and the prospective clients has not been

4

waived.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion for Relief Under Fed. R. Civ. P. 37 (docket no. 143) is **DENIED**.

2. That each party shall pay their own attorney fees and costs.

Done this 17th day of January 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge