IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-00123-MSK-MJW

GARY JUNE,
SCOTT JUNE, individually and on behalf of the deceased, YVONNE JUNE,
GENE LYNN, individually and on behalf of the deceased, LUCILLE LYNN,
ALVA FORD, on behalf of the deceased, PHYLLIS WEYANT,
RANDY PORTER,
BARBARA MEYERS, on behalf of the deceased, MINNIE DALE WOODS,
ROBERT SNOW,
PHYLLIS WILMA DAVIS,
JOSEPH VIGIL,
E. LOUISE WATTS,
JUNELLE WEATHERLY,
ISABELLE WOODEN,
CHERIE ZUSPAN,
DAISY ARNOLD,
BEVERLY BATES,
VALERIE BOGDAN,
JUNE ARGUELLO,
BETTY JANE MCBRIDE,
LAURA O'BRIEN,
OPAL GARCIA,
EMMA HANSEN,
LA VONNE O'BRIEN,
STEPHEN PLACE,
MARY ANN ROMERO,
FRANK SHARP,
LESLIE HENDRICKS,
CHRIS HOLLINGSHEAD,
GILDA HOLLINGSHEAD,
LAURA HUGHES,
ANNE LEMELLE,
ROBIN SEELEY,
SUSANN STEELE,
MICHELLE THOMSON,
PHYLLIS TORIBIO,
BETTY WHITE,
LONZO YARDLEY,
CRYSTAL BARELA,
GLENNA MCCLAIN,
LISA BACA,

DEBRA BLACK,
EMMA CHAMBERLAIN,
PANSY CISNEROS,
ROSE CLEMENT,
LISA CORTES,
SUSAN DOLLARHYDE,
MARTHA LINDSAY,
AUDI LOEHR,
JOAN LONG,
CASEY LONG,
THOMAS LYNN,
NANCY MINGAS,
ROBIN ABRAMSON FOREST,
LINDA GARDNER,
PAM HASKELL,
MARK SALAZAR,
ROBERTA SALAZAR,
BEN SANCHEZ,
LORI SELGADO,
WILLIAM SHARP,
GEORGE SHARP,
JOHN SHARP,
KIRK SHARP,
BRENDA SMITH,
GWENDA GONZALEZ,
CRAIG LONG,
CYNTHIA STARKEY,
DEANNA ADDLEMAN,
SHERRY ALBERTS,
IRIS ALLRED,
LESLIE AMENT,
MARLENE BALL,
DONNA BELDEN,
WALLACE BELDEN,
KENNETH BELDEN,
KEITH BELDEN,
BARBARA BERCUME,
JUDY BLACK,
DOROTHY BLAKE,
GUYE BLOOD,
JERRY BLOOD,
THOMAS BLOOD,
LORNA BOWERSOX,

MADGE BOWERSOX,
CAROLEE BURNETT,
RICHARD BURNETT,
GENE CAMPBELL,
ANNE MARIE CHADD,
ALEXIS CLARK,
MARY ELIZABETH CLARK,
TERRY COPE,
PHILIP CRESPIN,
THERESA CURTIS,
IRENE CUTCHINS,
CYNTHIA DAVID,
PAULETTE DAVIS,
LYNDA DWORNIK,
JUNE EASTERLY,
EVA ELLIOTT,
CHRISTOPHER FOSTER,
COLT FREEMAN,
GEORGIA FREEMAN,
BRETT FREEMAN,
VICTOR FRONK,
SARA GILLILIN,
MICHAEL HALL,
MARIE HALL,
IRIS HARVEY,
NINA FAYE HASKELL,
JUDITH HEARN,
CONNIE HECHT,
MARJORIE HECHT,
BARBARA HECHT,
SHARON HOISINGTON,
GERALDINE HOLLINGSHEAD,
KAREN HOLMAN,
KENNETH JOHNSON,
BEVERLY JOSLIN,
CHRISTINE KEENER,
BETTY KIKER,
ROXANNA KREBS,
JONI LEE LEFLER,
LINDA LEWIS,
MARY ELLEN LOVE,
CAROL LOVOI,
MARY LOU LYNN,

CAROL LYNN,
DEBBIE MADDOX,
ILA MALONE,
TED MARTIN,
MARY MARTIN,
JOHN MARTINEZ,
SHERRIE MCDOWELL,
CLARE MCNEAL,
EDNA MERYHEW,
ALICE MOCKERMAN,
STEPHANIE MORROW,
KATHERINE NYGREN,
KENT NYGREN,
JAMES O'BRYANT,
SALLY ELAINE OLIVER,
MARGARET ORNDOFF,
SHARON OSBORN,
TREASIA PFIFER,
BECKY PICTOR,
KENNY PRATTE,
MELVIN PRATTE,
EVA MAY PRATTE,
JUDY PROCTOR,
DOROTHY REED,
WANDA REED,
CAROL RICE,
THERESA RICHARDS,
LEAH ROBERTS,
BRYAN SALAZAR,
CATHERINE SALAZAR,
PATRICK SCHEETZ,
SHERYL SEELEY,
THORTHANE SHARP,
JODI SKEES,
DEBORAH SKILES,
FREDDIE SMITH,
VERNON SMITH,
MARGARET SNYDER,
STEPHANIE TATUM,
SHARON THOMPSON,
KARA TOOKER,
CHAR LEE BELLE UNGER,
MARY JANE VIA,

JIM WAUGH,
LUCILLIE WAUGH-SMITH,
ALVIN WILSON,
JOAN WILSON,
JOHN WILSON, SR.,
NORMA WRIGHT,
NORMA YATES,
CHARLOTTE ZUFELT,

    Plaintiffs,

v.

UNION CARBIDE CORPORATION, a New York corporation, AND
UMETCO MINERALS CORPORATION, a Delaware corporation,

    Defendants.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER comes before the Court on the Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59 **(#179)**, to which the Defendants responded **(#180)** and the Plaintiffs replied **(#181)**.[1] Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Also before the Court is the Plaintiffs' motion for a hearing **(#182)** which they filed based upon their belief that the Court was confused by their earlier filings. The Court is not confused and rules without the need for oral argument.

5

## II. Background

The Plaintiffs in this action asserted claims under the Price Andersen Act arising from their alleged exposure to ionizing radiation in Uravan, Colorado. The Defendants filed two motions for summary judgment **(#131, #136)** directed at two groups of Plaintiffs: (1) 26 Plaintiffs proceeding on all claims in the Second Amended Complaint (the Group 1 Plaintiffs); and (2) 153 Plaintiffs proceeding only with a claim for medical monitoring (the Group 2 Plaintiffs). In one motion **(#136)**, the Defendants contended that there was no expert evidence that the Group 1 Plaintiffs were injured by the Defendants' conduct. In the other motion **(#131)**, they argued that a claim for medical monitoring was not cognizable.

At a hearing held on March 27, 2007, the Court issued an oral ruling granting both motions for summary judgment. As to the Group 1 Plaintiffs, the Court concluded that the opinions offered by the Plaintiffs' experts, Dr. Inder Chopra and Dr. Robert Gale, were insufficient to establish causation under Colorado law, because they offered no opinion that, "but for" the exposure to radiation at Uravan, the Plaintiffs would not have become ill. Their opinions fell short in that they only opined that exposure to radiation was a substantial factor contributing to the Group 1 Plaintiffs' injuries. Although the Plaintiffs had argued an exception to "but for" causation, the Court found the exception inapplicable because neither Dr. Chopra nor Dr. Gale opined that the Plaintiffs' exposure to ionizing radiation at Uravan, alone, would have been sufficient to cause their complained of illnesses.

As to the Group 2 Plaintiffs, the Court concluded that a plaintiff who has been exposed to radiation, but who has manifested no objective symptoms caused by the exposure, can assert no claim for medical monitoring under the Price Andersen Act. Because the only claims which

arguably might remain were state law claims, the Court declined to exercise jurisdiction over them.

The Plaintiffs move for reconsideration "to correct clear error" and "prevent manifest injustice." Their motion is limited to the Court's ruling that there was no evidence of "but for" causation to support the claims of the Group 1 Plaintiffs. They do not seek reconsideration of the Court's ruling on the claims for medical monitoring asserted by the Group 2 Plaintiffs. The Defendants oppose the motion and contend that the Court properly interpreted Colorado law and that the Plaintiffs' evidence fell short of establishing the requisite causation.

### III. Issue Presented

The Plaintiffs' motion is asserted pursuant to Fed. R. Civ. P. 59. Grounds which warrant reconsideration under this rule include: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or to prevent manifest injustice. *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Manifest injustice may occur if the Court has misapprehended the facts, the controlling law, or the parties' arguments. *Id.* However, manifest injustice does not occur simply because the Court did not address arguments which the parties could have raised, but failed to raise, before the Court made its initial determination. *Id.* In a motion for reconsideration, it is not appropriate to revisit issues previously addressed, or to make arguments which could previously have been made. *Id.*

The issue presented by the instant motion is whether the Court's order granting summary judgment in favor of the Defendants on the claims of the Group 1 Plaintiffs was clearly erroneous or manifestly unjust such that it should be set aside.

## IV. Analysis

### A. The Court's Ruling

At the hearing held on March 27, 2007, the Court ruled as follows:[2]

\* \* \* \* \*

"The parties agree that as to all of the Price Andersen Act claims, Colorado sets the standard for causation. And with regard to those claims – the claims of the Group 1 Plaintiffs, causation is an essential element on which the Plaintiffs have the burden of proof.

Under Colorado law, a party cannot be liable for its negligent conduct unless the conduct was the proximate cause of the plaintiff's injury. This is recognized in the Tenth Circuit case of *Berg v. United States,* 806 F.2d 978 (10th Cir. 1986). Since 1896, the test of proximate causation in Colorado has been a 'but for' test. There are a number of decisions that set out that test: *Moore v. Standard Paint and Glass Company of Pueblo,* 358 P.2d 33 (Colo. 1960), and *Smith v. State Compensation Insurance Fund,* 749 P.2d 462 (Colo. App. 1987), [a decision] which, I discovered, was written by my father, in 1987. 'An act is the proximate cause of an injury if there would have been no injury but for the act and if the act was a substantial factor in bringing about the injury.' Thus, there are two requirements under Colorado law to establish causation: the act must be a substantial factor and but for the act, there would be no injury.

Now, the Tenth Circuit has stated this standard in *Berg,* and then it goes on to define 'substantial factor' as 'conduct of sufficient significance in producing the harm as to leave reasonable persons to regard it as a cause and to attach responsibility.' And the Circuit refers to

---

[2] The following is an excerpt from the transcript of the hearing. To harmonize it with this ruling, it has been edited as to format (*i.e.,* references to "plaintiffs" have been capitalized, and case citations are in Bluebook form), but it has not been edited as to content.

8

the Colorado case law of *Sharp v. Kaiser Foundation Health Plan,* 710 P.2d 1153 (Colo. App. 1985), as the source of that rule.

The substantial factor test we might characterize as the 'actual cause test'; in other words, there was actual causation. But in addition, there must be a showing of 'but for' causation. And that causation requires that the negligent conduct in the natural and continued sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred. Thus, the act is the 'but for' cause of the injury.

To be the proximate cause of an injury, conduct does not need to be the sole cause, as there can be several proximate causes of a single injury.

Now, as I noted, it is the plaintiffs that bear the burden of proving proximate cause; and at this stage of the litigation, they have to make a *prima facie* showing of both kinds of causation under Colorado law, substantial factor and 'but for' causation. So the question that is presented is whether or not the opinions of Dr. Chopra and Dr. Gale accomplish that objective.

Having carefully reviewed their opinions, it appears to me that neither Dr. Chopra nor Dr. Gale opine that but for the Plaintiffs' exposure to the ionizing radiation at Uravan, the Group 1 Plaintiffs would not have taken ill with thyroid disease or cancer. Instead, these experts opine that the Group 1 Plaintiffs' exposure to radiation at Uravan was a substantial factor contributing to the development of the thyroid disease and cancer. So these opinions do not contain sufficient evidence of 'but for' causation.

Now, the Plaintiffs urge that the Court should consider an exception to the 'but for' rule. They assert that when there is more than one cause of an injury, either of which could independently have caused the injury without the other, then the Court should disregard the 'but

9

for' test. The Plaintiffs rely upon Restatement (2d) of Torts, Section 432, which provides, in pertinent part, that:

> (1) Except as stated in Subsection (2), the actor's negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent.
>
> (2) If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence may be found to be a substantial factor in bringing it about.

The Restatement provides an illustration. The illustration is as follows:

> Two fires are negligently set by separate acts of the A and B Railway Companies in forest country during a dry season. The two fires coalesce before setting fire to C's timber land and house. The normal spread of either fire would have been sufficient to burn the house and timber. C barely escapes from his house, suffering burns while so doing. It may be found that the negligence of either the A or the B Company or of both is a substantial factor in bringing about C's harm.

Colorado courts have followed this section of the Restatement, in particular in *Graven vs. Vail Associates Inc.,* 909 P.2d 514 (Colo. 1995); however, this section and its illustration are not applicable here. Neither Dr. Chopra nor Dr. Gale opine that the Plaintiffs' exposure to ionizing radiation at Uravan alone would have been sufficient to cause the illnesses complained of here; or, putting it in the language of subsection (2) of the Restatement section, each of itself is sufficient to bring about the harm to another. Therefore, the Group 1 Plaintiffs have failed to make a *prima facie* showing of proximate causation of their illnesses under Colorado law because the experts have not offered the requisite opinion of 'but for' causality.

Consequently, the Defendants are entitled to summary judgment on the Plaintiffs' claims

10

of negligence, absolute or strict liability, fraudulent concealment, absolute liability pursuant to statute, and intentional infliction of emotional distress."

**B. Arguments for Reconsideration**

The Plaintiffs make three arguments in support of their motion for reconsideration: (1) that "but for" causation is not required to establish proximate cause under Colorado law; (2) that the "substantial factor" test of causation subsumes the "but for" test of causation; and (3) that causation is shown merely by showing exposure to hazardous substances at levels which are sufficient to cause the injuries.[3] The Defendants respond that "but for" causation is required under Colorado law, that the "but for" test is different from the "substantial factor" test, and that the Plaintiffs failed to produce evidence that their injuries were caused by exposure to ionizing radiation at Uravan.

**Necessity of "but for" causation**

The Plaintiffs first contend that the Court erred in ruling that "but for" causation was required to establish proximate cause on their personal injury claims, and contend that "substantial factor" causation was sufficient to support their claims. For this proposition, they cite to several cases: *Largo Corp. v. Crespin*, 727 P.2d 1098 (Colo. 1986), *Lyons v. Nasby*, 770 P.2d 1250 (Colo. 1989), *Webb v. Dessert Seed Co., Inc.*, 718 P.2d 1057 (Colo. 1986), *Ekberg v. Greene*, 588 P.2d 375 (Colo. 1978), *Scharrel v. Wal-Mart Stores, Inc.*, 949 P.2d 89 (Colo. App. 1997),

---

[3] In support of their motion for reconsideration, the Plaintiffs have attached excerpts from several depositions which were taken two to three months before the Court issued its ruling on the summary judgment motions. Such deposition testimony could have been submitted before the Court issued its ruling. Indeed, at the hearing, and before the Court ruled, it invited the parties to supplement their arguments. At that juncture, the Plaintiffs made no mention of additional evidence which they believed the Court should consider. Thus, the Court declines to consider this evidence now, because it was untimely submitted.

11

*Voight v. Colorado Mountain Club*, 819 P.2d 1088 (Colo. App. 1991), and *Aller v. Law Office of Carole C. Schriefer, PC*, 140 P.3d 23 (Colo. App. 2005).

The Court has considered all of the cases cited by the Plaintiffs and does not alter its original conclusion. In all of the cases, "but for" causation was neither disputed nor addressed. Rather, the courts focused upon whether the alleged conduct was a "substantial factor" contributing to the injury such that it was foreseeable and could be viewed as a legal cause of the injury.

For instance, in *Largo*, a tavern owner sold alcohol to an intoxicated patron who subsequently drove a vehicle and injured a third party. Similarly, in *Lyons*, an inn sold alcohol to an intoxicated man who later died when he drove his automobile off the road. In both cases, there was no dispute that it was the consumption of the alcohol, combined with the driving of a vehicle, which led to the injuries. The Colorado Supreme Court was instead concerned with whether the injuries were a foreseeable result of the sale of alcohol to an intoxicated person, such that the seller of the alcohol should be liable.

The remaining cases cited by the Plaintiffs also dealt with circumstances in which "but for" causation was not disputed, but the foreseeability of the injury was. In *Webb*, the Colorado Supreme Court considered whether an onion seed importer should be liable to a farmer when seeds it imported and sold to other distributors did not produce proper onion bulbs when the farmer planted them. In *Ekberg*, the plaintiffs were injured by fire in the restroom of a gas station, and the Colorado Supreme Court considered whether the injuries were foreseeable such that the gas station's owner should be liable. In *Scharrel*, the court considered whether Wal-Mart should be liable for injuries suffered by customers when merchandise fell on them after a ladder that a

12

Wal-Mart employee was standing on gave way. In *Voight*, the court considered whether a hiking club should be liable for injuries suffered by a hiker who became separated from the group and suffered from frostbite after being exposed to the cold. In all of these cases, the "but for" cause of the injury was obvious – *i.e.*, the seeds which did not grow, the fire, the falling merchandise, and the exposure to cold – but the injury was not necessarily foreseeable.

The only case cited by the Plaintiffs which strays from this pattern is *Aller*. In that case, a client sued her former attorney for breach of fiduciary duty, because the attorney represented a business associate of the client in a lawsuit against the client. The trial court granted summary judgment in favor of the attorney, and the client appealed. Addressing the fiduciary duty claim, which the appellate court explained is actually a legal malpractice claim, such court stated that "[t]he element of causation is satisfied when the plaintiff proves that the defendant's conduct was a substantial contributing cause of the injury." *See id.* at 26. The court did not address "but for" causation, but it found that there was no evidence that the attorney's conduct injured the former client. *See id*. Therefore, the case is inapposite.

The caselaw which this Court relied upon in its oral ruling clearly provides that a defendant's conduct must be both a substantial factor in bringing about, and a "but for" cause of, the plaintiff's injury. *See Graven v. Vail Associates, Inc.*, 909 P.2d 514, 520 (Colo. 1996); *Smith v. State Compensation Ins. Fund*, 749 P.2d 462, 464 (Colo. App. 1987); *Moore v. Standard Paint & Glass Co. of Pueblo*, 358 P.2d 33, 36-37 (Colo. 1960); *see also Berg v. United States*, 806 F.2d 978, 981-82 (10th Cir. 1986). None of the cases cited by the Plaintiffs stand for the proposition that "but for" causation is not required to establish a claim of negligence. Rather, in all such cases, "but for" causation was either obvious or absent, and the dispute typically revolved

13

around whether the the plaintiffs' injuries were foreseeable.

### **"Substantial factor" causation compared with "but for" causation**

The Plaintiffs next contend that a showing of "substantial factor" causation on summary judgment is sufficient to establish "but for" causation, because the "substantial factor" test subsumes the "but for" test. For this proposition, they rely upon a California case, *Mitchell v. Gonzales*, 819 P.2d 872 (Cal. 1991), in which the California Supreme Court held that in a negligence case, a jury should not be given the pattern jury instruction defining "but for" causation because it is conceptually and gramatically deficient, and a jury should instead be given the pattern jury instruction defining "substantial factor" causation. In doing so, it concluded that the "substantial factor" test subsumes the "but for" test, because they usually produce the same results. *See id.* at 878-79. However, it also acknowledged that there can be cases in which the "substantial factor" and "but for" tests produce different results, but it did not give an example of such a case. *See id.* at 879.

It may be that in California, the "substantial factor" test subsumes the "but for" test. However, the "substantial factor" and "but for" requirements are distinct requirements under Colorado law. There is "but for" causation when the conduct "in a natural and continued sequence, unbroken by any efficient, intervening cause, produces the result complained of, and without which that result would not have occurred." *Smith*, 749 P.2d at 464 (internal quotations and citations omitted). By contrast, and as illustrated by the cases cited by the Plaintiffs *supra*, the "substantial factor" analysis is concerned with the foreseeability of the injury and whether liability should attach as a matter of law; if causes apart from the defendant's conduct are predominant, then the defendant's conduct is not a "substantial factor." *See Hook v. Lakeside*

14

*Park Co.*, 351 P.2d 261, 265-66 (Colo. 1960). Thus, evidence showing that exposure to ionizing radiation was a "substantial factor" contributing to an injury does not necessarily show that such exposure was a "but for" cause of the injury.

### "Sufficient exposure" test

The Plaintiffs also argue that a plaintiff in a toxic tort case can establish causation merely by showing that he was exposed to hazardous substances at levels which are sufficient to cause the alleged injuries. In support of this argument, they cite *Renaud v. Martin Marietta Corp.*, 749 F. Supp. 1545, 1551-52 (D. Colo. 1990), in which the district court stated that the plaintiffs could have made a *prima facie* showing of causation in either of two ways: (1) by showing that they were exposed to contaminants at levels sufficient to cause their alleged injuries; or (2) that their injuries were such that it was probable that they were exposed to contaminants at a level sufficient to cause their injuries.

Assuming, without deciding, that *Renaud* is correct, it does not change this Court's ruling. Here, there was no evidence that the Group 1 Plaintiffs were exposed to ionizing radiation **at Uravan** in levels sufficient to cause their injuries. As to 17 Plaintiffs, Dr. Chopra opined that such Plaintiffs' "exposure to irradiation was of a sufficient magnitude, duration and intensity . . . that it was a substantial factor contributing to onset" of the plaintiffs' respective illnesses. Notably, his opinion was simply as to "exposure to irradiation," not "exposure to irradiation at Uravan." This is significant because, with the exception of a single plaintiff (Debbie Skiles), Dr. Chopra assumed that each plaintiff was exposed to irradiation at more than one location; as to Ms. Skiles, he assumed that 100% of her irradiation exposure occurred at Uravan. The following table shows Dr. Chopra's assumptions regarding the amount of particular Plaintiffs' irradiation

15

exposure attributable to Uravan:

| Name | Irradiation Attributable to Uravan | Irradiation Attributable to Other Sources |
|---|---|---|
| Deanna Addleman | 26% | 74% |
| Iris Allred | 69% | 31% |
| Judy Black | 23% | 77% |
| Marie Hall | 11% | 89% |
| Christine Keener | 11% | 89% |
| Anne Lemelle | 68% | 32% |
| Ted Martin | 15% | 85% |
| Glenna McClain | 11% | 89% |
| Edna Meryhew | 12.6% | 87.4% |
| Theresa Dian Richards | 16% | 84% |
| Roberta Lee Salazar | 58% | 42% |
| George Sharp | 2.4% | 97.6% |
| Sharon Thompson | 51% | 49% |
| Alvin Wilson | 12% | 88% |
| Minnie Woods | 54% | 46% |
| Norma Yates | 32% | 68% |

Thus, with the arguable exception of Ms. Skiles, Dr. Chopra did not opine that exposure to irradiation **at Uravan** was a substantial factor contributing to these Plaintiffs' injuries.

Likewise, Dr. Gale opined that 11 Plaintiffs were exposed to ionizing radiation and that the exposure was a substantial factor contributing to these Plaintiffs' development of cancer. He offered no opinion as to the source of ionizing radiation and whether radiation from any particular source contributed to a Plaintiff's development of cancer. Thus, Dr. Gale did not opine that

16

exposure to irradiation **at Uravan** was a substantial factor contributing to any Plaintiff's injuries.

Finally, nothing in *Renaud* obviates the need for a showing of "but for" causation. Quite to the contrary, the court in *Renaud* acknowledged that "but for" causation is required under Colorado law. *See Renaud*, 749 F. Supp. at 1551. Here, neither Dr. Chopra nor Dr. Gale opined that, but for their exposure to ionizing radiation at Uravan, the Group 1 Plaintiffs would not have become ill. Thus, the evidence was insufficient to demonstrate the requisite causal link between the Plaintiffs' injuries and ionizing radiation at Uravan.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59 **(#179)** and their motion for a hearing **(#182)** are **DENIED**.

Dated this 27th day of November, 2007

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge